```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                        :
HELEN J. TOWNSEND,                      :    CASE NO. 5:05-CV-02540
                                        :
            Plaintiff,                  :
                                        :
vs.                                     :    ORDER & OPINION
                                        :    [Resolving Doc. Nos. 12, 15, 30]
MARTA J. WILLIGER, et al.               :
                                        :
            Defendants.                 :
                                        :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On October 28, 2005, Plaintiff Helen J. Townsend filed a *pro se* complaint against Defendants Marta J. Williger, Wyant Woods Care Center ("Wyant Woods"),[1/] and KeyBank National Association ("KeyBank"). With her complaint, Townsend asserts several claims related to the death of her father, Bryan Presswood, and the execution of his estate: First, Townsend asserts a wrongful death claim against Wyant Woods, alleging that the nursing home was negligent in its care of her father. Second, Townsend asserts a claim for conversion against Williger. Finally, Townsend also asserts a claim against KeyBank, alleging that it allowed Williger to access Presswood's accounts and safe deposit box without durable power of attorney.

On December 13, 2005, Defendant Wyant Woods filed a motion to dismiss the plaintiff's wrongful death claim. [Doc. No. 12]. Shortly thereafter, on December 16, 2005, Defendant Williger

---

[1/] In her complaint, the plaintiff incorrectly identifies her father's nursing home as "Wyattwood Nursing Home" With its motion to dismiss the plaintiff's claims, the nursing home indicates that its correct name is "Wyant Woods Care Center."

-1-

Case No. 05-cv-2540
Gwin, J.

filed a motion for summary judgment. [Doc. No. 15]. On January 20, 2006, the Court filed an order noting that Plaintiff Townsend failed to respond to Defendant Wyant Woods and Williger's motions in a timely manner. The Court allowed Townsend an additional twenty days to respond. On February 23, 2006, Defendant KeyBank filed an additional motion for summary judgment. [Doc. No. 30]. The plaintiff has not responded to any of the defendants' motions, nor asked this Court for additional time to respond. For the reasons stated below, this Court GRANTS Defendant Wyant Woods' motion to dismiss, as well as Defendants Williger and KeyBank's motions for summary judgment.

**BACKGROUND**

The plaintiff's father, Bryan Presswood, died on or about November 21, 2002. The cause of death, according to his death certificate, was dehydration. Prior to his death, Presswood was a resident at Wyant Woods Nursing Home. The plaintiff does not disclose the length or nature of Presswood's stay at the nursing home. However, the plaintiff does allege that her father was legally blind and suffered from Alzheimer's Disease. According to the plaintiff, the nursing home neglected her father and failed to contact her when her father became ill. She claims that this is evident in the fact that her father died of dehydration. The amount of contact that the plaintiff had with her father during his final years, as well as the extent of her knowledge about her father's affairs is unclear.

Prior to his death, Williger served as Presswood's attorney. Presswood and his wife first retained Williger's services in 1997. In or around 2000, Williger prepared a revocable living trust that Presswood executed on October 30, 2000. The revocable trust provided that Presswould's wife would be entitled to all of his assets in the event that he predeceased her. This trust remained in

-2-

Case No. 05-cv-2540
Gwin, J.

effect at the time of Presswood's death.

In October 2002, Williger prepared a durable power of attorney authorizing her to: (1) "[m]ake, carry out, and execute any and all contracts on Mr. Prestwood's behalf;" (2) "[s]ell, barter, exchange, encumber, lease or otherwise dispose of property belonging to Mr. Prestwood;" and (3) "[d]raw and sign checks or withdrawal orders on Mr. Prestwood's behalf." ( Def. Williger Mot. Summ. J. at 2.) Presswood executed the power of attorney on October 3, 2002.

When Presswood died on November 21, 2002, all of his assets passed to his wife by the terms of the Revocable Living Trust. Presswood's wife died about a month and a half later, on January 5, 2003. Williger maintains that Mrs. Presswood's estate remains unprobated. According to Williger, Mrs. Presswood's liability to the State of Ohio for reimbursement of Medicaid payments exceeds her assets.

Townsend claims that she is the trustee and executor of her father's estate, but provides no support for this assertion. According to Williger, Presswood's estate has never been probated.

Plaintiff Townsend alleges that Williger manipulated Presswood into signing the durable power of attorney and then took control over his assets. Specifically, Townsend alleges that Williger has taken the money that was in Presswood's checking and savings account at KeyBank, as well as the contents of Presswood's safe deposit box. Townsend also claims that Williger is in wrongful possession of Presswood's briefcase, which she alleges to contain savings bonds, bank records, cancelled checks, a will, a letter specifying Townsend's duties in the event of her father's death, life insurance policies, war medals, and the deed to Presswood's house. Williger maintains that she has not, sold, taken, or converted any of Presswood's assets for personal gain. She further maintains that she is not in possession of Presswood's briefcase.

Case No. 05-cv-2540
Gwin, J.

## **DISCUSSION**

I.   Motion to Dismiss

The plaintiff asserts a wrongful death claim against Defendant Wyant Woods, alleging that the negligent care of the defendant nursing home led to her father's death from dehydration. Defendant Wyant Woods seeks dismissal of the plaintiff's claims for the following reasons: (1) the plaintiff fails to state a claim upon which relief can be granted; (2) the plaintiff lacks standing; (3) the Court lacks subject matter jurisdiction; and (4) the plaintiff's claim is barred by the applicable statute of limitations. The Court addresses each basis for dismissal below, dealing first with the jurisdictional issues.

   *A.   Standing and Subject Matter Jurisdiction*

Defendant Wyant Woods alleges that the plaintiff lacks standing to bring a claim of wrongful death because she is not the administrator, executor, or personal representative of the decedent's estate as required by Ohio's wrongful death statute, Ohio Revised Code § 2125.02. In the alternative, Wyant Woods argues that the Court lacks subject matter jurisdiction.

Under Ohio law, the cause of action for wrongful death is a statutorily created right, governed by Ohio Revised Code § 2125.01 *et seq*. *See Estate of Owensby v. City of Cincinnati*, 385 F. Supp.2d 619, 623 (S.D. Ohio 2004). Section 2125.02(A)(1) identifies those individuals who have standing to bring a claim for wrongful death: "[A] civil action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death." Thus, only an individual appointed by the court to be the administrator, executor, or personal representative of the decedent's estate possess

Case No. 05-cv-2540
Gwin, J.

standing. *Ramsey v. Neiman*, 69 Ohio St.3d 508, 512, 634 N.E.2d 211, 214 (Ohio 1994).

The plaintiff states in her complaint that she is the trustee and executor of her father's estate. However, Townsend does not indicate in her complaint that any court actually appointed her to serve as the executor of her father's estate. Moreover, the plaintiff failed to seize the opportunity to clarify her status or point to evidence of her appointment by responding to Defendant Wyant Woods' motion to dismiss. The Court thus finds that the plaintiff lacks standing to assert a claim for the wrongful death of her father.

The Court additionally finds that in the event that Townsend had been appointed to be the personal representative of her father's estate and thus had standing to bring suit, this Court would lack subject matter jurisdiction because complete diversity of citizenship is lacking.

The plaintiff did not specify the grounds for jurisdiction in her complaint. As her complaint does not involve a federal question, the Court assumes that she bases the Court's jurisdiction on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(2). Under § 1332(a)(2), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a state and citizens or subjects of a foreign state." Section 1332 confers federal jurisdiction only if complete diversity of citizenship exists, such that no party has the same citizenship as any opposing party. *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000).

In the instant case, the plaintiff is a citizen of Alabama, and the Defendants are all citizens of Ohio. Thus, at first blush, complete diversity appears to exist. However, as the Court discussed above, the plaintiff cannot assert a wrongful death claim in her personal capacity. Instead, she must file the claim as the personal representative of the decedent. Under the statute governing diversity

-5-

Case No. 05-cv-2540
Gwin, J.

jurisdiction, 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." Presswood was a resident of Ohio prior to his death. Accordingly, as the representative of her father's estate, Townsend would be deemed to be an Ohio citizen. Thus, even in the event that the plaintiff could demonstrate she has standing to assert the wrongful death claim against Wyant Woods, this Court would be forced to dismiss the suit for lack of subject matter jurisdiction. *See McCurry ex rel. Turner v. Adventist Health*, 298 F.3d 586, 596-97 (6th Cir. 2002).

*B.     Statute of Limitations*

Defendant Wyant Woods alternatively argues that the plaintiff's wrongful death claim is barred by the applicable statute of limitations. Ohio Revised Code § 2125.02(D)(1) sets the limitations period for wrongful death claims at two years, stating that "a civil action for wrongful death shall be commenced within two years of the decedent's death." Bryan Presswood died on November 21, 2002. The plaintiff did not file the instant action until October 28, 2005, nearly three years after her father's death and well outside of the limitations period.

*C.     Failure to State a Claim*

Finally, though the Court finds sufficient alternative grounds to dismiss the plaintiff's claim, the Court also finds that the plaintiff fails to state a claim for wrongful death. The Court uses the Federal Rule of Civil Procedure 12(b)(6) standard to judge the legal sufficiency of a claim. The Court can dismiss a complaint only when "it is clear that the plaintiff can prove no set of facts in support of [the] claim that would entitle [the plaintiff] to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). In deciding a motion under Fed. R. Civ. P. 12(b)(6), the Court must accept all the allegations contained in the plaintiff's complaint as true and construe the complaint "liberally in

Case No. 05-cv-2540
Gwin, J.

favor of the party opposing the motion." *Id.* at 377. While the Court is obliged to accept as true the well-pleaded allegations in the complaint, the Court need not accept as true the "bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court also need not accept "unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Nevertheless, courts will dismiss a claim under Rule 12(b)(6) only if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41 (1957); *Advocacy Org. For Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315 (6th Cir.1999). Moreover, the district court must read a *pro se* plaintiff's allegations liberally and apply a less stringent standard to the pleadings of a *pro se* plaintiff than to a complaint drafted by counsel. *Haines v. Kerner*, 404 U.S. 519 (1972). However, this does not mean that *pro se* plaintiffs are "automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Accordingly, the "lenient treatment generally accorded to pro se litigants has limits." *Id.* (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

In her complaint, Townsend states only that her father spent his last days at Wyant Woods and that the "Nursing Home was neglectful in which caused a wrongful death of dehidration [sic] of father, Bryan." (Compl. at 2.) Additionally, in a one-page document entitled "Amended Complaint," which is attached as the last page of the plaintiff's complaint, the plaintiff again alleges that Wyant Woods neglected her father and never contacted her to inform her that her father was ill.[2]

---

[2] Though unclear, the plaintiff appears to allege in her "Amended Complaint" that Wyant Woods was negligent in allowing Williger to have contact with Presswood. However, the plaintiff fails to allege that the nursing home had any duty to prevent Presswood from speaking with Williger. In fact, the nursing home had no right that this Court is aware of to prevent Presswood from speaking with his attorney. Furthermore, as discussed below, this Court finds that
(continued...)

Case No. 05-cv-2540
Gwin, J.

To maintain a wrongful death action based on negligence, the plaintiff must show: "(1) the existence of a duty owing to plaintiff's decedent, (2) a breach of that duty, and (3) proximate causation between the breach of duty and the death." *Littleton v. Good Samaritan Hosp. & Health Center*, 39 Ohio St.3d 86, 92, 529 N.E.2d 449, 454 (1988). In the instant complaint, the plaintiff adequately alleges the existence of a duty by stating that her father was in the care of Wyant Woods nursing home. However, even when construed liberally and in the plaintiff's favor, the complaint fails to assert any facts related to a breach of that duty. The plaintiff states only the conclusory allegation that Defendant Wyant Woods was negligent. The fact that Presswood's death certificate lists his cause of death as dehydration does not, without more, lead to the inference that Wyant Woods negligently caused his dehydration or failed to properly care for his condition. As such, the Court finds that the plaintiff fails to state a wrongful death claim against Defendant Wyant Woods. *See Sharwell v. Kaiser Permanente*, No. 02-4330, 2003 WL 22000298 (6th Cir. Aug. 20, 2003) (unpublished opinion) (holding that the plaintiff failed to state a claim for wrongful death because her "complaint was vague, conclusory . . . [and] offered no facts which reasonably suggest that the actions of [the defendant] caused the death of" the plaintiff's mother). The Court thus grants Defendant Wyant Woods' motion do dismiss the plaintiff's complaint.

II.     Summary Judgment

   *A.     Legal Standard*

Summary judgment is appropriate when the evidence submitted shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

---

[2]/(...continued)
Williger took no unlawful action with regard to her representation of Presswood. As such, any claim that the plaintiff may be attempting to assert against Wyant Woods for its failure to protect Presswood from Williger must fail.

-8-

Case No. 05-cv-2540
Gwin, J.

of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the nonmoving party's case. *See Waters v. City of Morristown*, 242 F.3d 353, 358 (6th Cir. 2001). A fact is material if its resolution will affect the outcome of the lawsuit. *See Daughenbaugh v. City of Tiffin*, 150 F.3d 594, 597 (6th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Once the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). It is not sufficient for the nonmoving party merely to show that there is some existence of doubt as to the material facts. *See id.*

In deciding a motion for summary judgment, the Court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party. *See Nat'l Enters., Inc. v. Smith*, 114 F.3d 561, 563 (6th Cir. 1997). Ultimately the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Terry Barr Sales Agency, Inc. v. All-Lock Co.*, 96 F.3d 174, 178 (6th Cir. 1996) (internal quotation marks omitted).

In this case, the plaintiff has not responded to the defendants' motions for summary judgment. Thus, the plaintiff provides no evidence to support her claims. A district court, however, cannot grant summary judgment in favor of a movant simply because the nonmoving party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has met the burden imposed by Rule 56(c). *See Kajganic v. Bell*, 86 F.3d 1155 (table), 1996 WL 273740, at *1 (6th Cir. May 22, 1996) (unpublished opinion).

The court can, however, rely on the facts advanced by the movant. *Street v. J.C. Bradford*

Case No. 05-cv-2540
Gwin, J.

*& Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). In every case, the moving party bears the burden of demonstrating the absence of a genuine issue as to a material fact. *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). That burden may be discharged by pointing to an absence of evidence to support the nonmoving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party demonstrates that no issue of fact exists, the nonmoving party has the burden to respond with specific facts demonstrating the existence of genuine issues of material fact. Fed.R.Civ.P. 56(e). When it files no response, the nonmoving party waives its opportunity to designate those facts. *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992).

 *B.* *Analysis*

 The plaintiff sues Williger for conversion, alleging that she is in the wrongful possession of certain of her father's assets, including the contents of Presswood's accounts with KeyBank and a briefcase containing the father's financial records and other important documents. In connection with this claim, the plaintiff also sues KeyBank, alleging that it wrongfully allowed Williger to access Presswood's accounts. Both Defendants Williger and KeyBank move for summary judgment as to these claims. The Court addresses each motion below.

 1. Defendant Williger's Motion for Summary Judgment

 Williger argues that the plaintiff lacks standing to bring the instant suit. In the alternative, Williger shows evidence that she does not wrongfully possess of any of Presswood's property and argues that the plaintiff can present no evidence in support of her conversion claim.

 a. Standing

 Defendant Williger argues that the plaintiff lacks standing to assert a conversion claim with

Case No. 05-cv-2540
Gwin, J.

regard to Presswood's assets because the plaintiff has no interest in that property. To be entitled to bring a claim for conversion, the plaintiff must have had an ownership interest and the right to possession of the property at the time of the alleged conversion. *Charash v. Oberlin College*, 14 F.3d 291, 296 (6th Cir. 1994) (applying Ohio law); *see also Fayette Investment Corp. v. Jack Johnson Chevrolet*, 119 Ohio App. 111, 113, 197 N.E.2d 373 (1963) ("[I]n an action for conversion, the plaintiff must show title or a right to possession at the time of the alleged conversion."); *Wells v. Wells*, No. 00 BA 11, 2001 WL 1155845, at *2 (Ohio App. 7th Dist. Sept. 24, 2001) (unpublished opinion) ("[A] plaintiff enjoying no interest in the personal property converted lacks standing to sue.").

In the instant case, the plaintiff fails to demonstrate that she has any interest in her father's bank accounts or the alleged contents of his brief case and safe deposit box. Presswood had the rights of ownership and possession in the property prior to his death, at which point all of his assets passed to his wife pursuant to the Revocable Living Trust. The only way that the plaintiff could have standing to assert a conversion claim is if she brought the claim as the administrator of her father's estate. As discussed above, the plaintiff provides no evidence that she is indeed the appointed administrator or executor of Presswood's estate. Accordingly, she lacks standing to assert a claim of conversion against Defendant Williger.

    b.    Conversion

The Court additionally finds that, even if the plaintiff did have standing, Williger is entitled to summary judgment on the basis that there is a complete lack of evidence that Williger converted any of Presswood's assets.

Ohio law defines conversion as "the wrongful exercise of dominion over property to the

-11-

Case No. 05-cv-2540
Gwin, J.

exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights." *Joyce v. General Motors Corp.*, 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 175 (Ohio 1990). The plaintiff alleges that Williger "possibly conspired to manipulate and take assets" belonging to Presswood. (Am. Compl. at 1.) Specifically, Townsend claims that Williger removed money from Presswood's checking and savings accounts, stole Presswood's briefcase, and removed the contents of Presswood's safe deposit box.

Turning first to the money in Presswood's checking and savings accounts, neither the plaintiff nor Williger describe the precise actions that Williger took with regard to the accounts. However, Williger maintains that she operated at all times pursuant to a valid power of attorney. As support, she offers a copy of the durable power of attorney, which Presswood executed on October 3, 2002. (Williger Aff. ¶ 19, Dec. 15. 2005.) Ohio Revised Code § 1337.09(A) authorizes the creation of durable powers of attorney:

> Whenever a principal designates another as attorney in fact by a power of attorney in writing and the writing contains the words "This power of attorney shall not be affected by disability of the principal," . . . or words of similar import, the authority of the attorney in fact is exercisable by the attorney in fact as provided in the written instrument notwithstanding the later disability, incapacity, or adjudged incompetency of the principal and, unless it states a time of termination, notwithstanding the lapse of time since the execution of the instrument.

The power of attorney in the instant case includes the precise language set forth in § 1337.09(a). It further authorizes Williger to "draw and sign checks or withdrawal orders upon any bank or savings association or other depository in which I now have or may hereafter have an account or accounts subject to withdrawal . . .." (Def. Williger Ex. A-1, ¶ 4.) Williger also submits her own affidavit, in which she states that "Presswood executed the Power of Attorney of his own free will and not under duress." (Williger Aff. ¶ 7.) Williger also states that she "did not sell, take

-12-

Case No. 05-cv-2540
Gwin, J.

or convert any of Mr. Presswood's assets for personal gain." (*Id*. ¶ 18.) The plaintiff gives no evidence contradicting Williger's affidavit or calling into question the validity of the power of attorney.

The plaintiff also alleges that Williger wrongfully retained the contents of Presswood's safe deposit box as well as Presswood's briefcase. Williger claims that she had neither knowledge of nor access to any safe deposit box at KeyBank. (*Id*. ¶¶ 21-22.) Indeed, in its motion for summary judgment, KeyBank acknowledges that Presswood had two accounts with the bank, but states nothing about the existence of a safe deposit box. Similarly, with regard to the briefcase, Williger states in her affidavit that she does not possess the briefcase or the contents of that briefcase. The plaintiff presents no evidence demonstrating otherwise.

Essentially, Williger argues that the plaintiff can point to no evidence showing that she converted any of Presswood's assets. The plaintiff filed no response, and as such, failed to take advantage of an opportunity to provide such evidence to the Court. By pointing to the lack of evidence supporting Townsend's claims, Williger has satisfied her burden under Federal Rule of Civil Procedure 56.

2. Defendant KeyBank's Motion for Summary Judgment

With its motion for summary judgment, KeyBank relies primarily on Williger's affidavit and the durable power of attorney discussed above. Defendant KeyBank argues that because Williger took all actions with regard to Presswood's accounts pursuant to a durable power of attorney, KeyBank is not liable to the plaintiff for allowing Williger to access Presswood's accounts.

A bank receiving a valid power of attorney has no duty to investigate every action that the holder of that power of attorney takes to ensure that each action is proper. *See Empire Trust Co. v.*

Case No. 05-cv-2540
Gwin, J.

*Cahan*, 274 U.S. 473, 479 (1927); *Gupta v. Lincoln Natl. Life Ins. Co.*, No. 05AP-378, 2005 WL 3304019, at *4 (Ohio App. 10th Dist. Dec. 6, 2005) (unpublished opinion) (holding that to impose such a duty "would not only be impracticable, but would essentially eliminate the power of attorney as a useful tool in the transaction of business of any elderly, disabled, absent, or otherwise incapacitated individual").

In the instant case, Williger presented KeyBank with a valid power of attorney. Williger claims that all actions she took with regard to Presswood's account were taken pursuant to that power. Even if the Court were to find that Williger had converted Presswood's assets or engaged in self-dealing, Defendant KeyBank would be shielded from liability as it had no duty to police Williger's actions. The Court thus grants Defendant KeyBank's motion for summary judgment.

## **CONCLUSION**

For the reasons stated above, this Court **GRANTS** Defendant Wyant Woods' motion to dismiss the plaintiff's complaint. The Court additionally **GRANTS** Defendants Williger and KeyBank's motions for summary judgment.

IT IS SO ORDERED.

Dated: March 16, 2006              s/   *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE